MAY 1799.

Peter
vs.
Beall.

PETER *vs.* BEALL.

APPEAL from Prince George's county court. It was an action of *debt* for an *escape.*

At the trial in the county court, the plaintiff in that court, (the now appellant,) offered in evidence to the jury, a judgment obtained by him in the said court against one *Benjamin Duvall,* and a writ of *capias ad satisfaciendum* thereon issued, being the same judgment and writ of *capias ad satisfaciendum* mentioned in the declaration; and also a return upon the said writ, made by *Beall* the defendant, (the now appellee,) and the sheriff, to whom the said writ was directed and delivered; by which the said sheriff did return to the court, that he had taken the said *Duvall,* and had him according to the command of the said writ.

The plaintiff then called a witness, *Thomas Harwood,* to prove that the said *Duvall,* at the return of the said writ of *capias ad satisfaciendum,* was brought into court, and committed to the custody of the said *Beall,* as sheriff of the county aforesaid, and that the said *Beall* did himself voluntarily suffer the said *Duvall* to escape, and go at large. And the said witness objected to being sworn in the cause, alleging that he was interested in the said cause; that he was at the time aforesaid one of the deputy sheriffs under the said defendant, and was the person who, as deputy sheriff, served the writ of execution. Whereupon the court ordered him to be sworn *specially,* to answer such questions as should be put to him by the court; and the said *Harwood* then was sworn; and being asked by the court, "whether he would be a gainer or loser by the event of this cause, and whether he believed himself to be interested in the determination thereof?" On oath declared, that he considered himself interested; because if the plaintiff in this cause recovered from the defendant, the said *Harwood* apprehended himself liable to the defendant for the amount of the recovery. Whereupon the county court were of opinion that the said *Thomas Harwood* was interested, and would not compel him to give evidence to the jury in the cause, and he accordingly was not sworn to the jury. To which opinion the plaintiff excepted, and the verdict and judgment being against him, he appealed to this court.

THE GENERAL COURT *Reversed* the judgment of the county court, and said there were two ways of proving a witness interested: If he is sworn upon the *voire dire,* and thinks himself interested, though in fact he is not

interested, he cannot be sworn; but where evidence is offered to the court, who are to determine whether the witness is interested, if it appears to them that he is not, though he thinks himself interested, he shall be sworn.

*Procedendo* awarded.

Gantt and Shaaff, for appellant.

Key, Mason and Kilty, for appellee.